NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff,<br><br>v.<br><br>BPA BESTLIFE BENEFIT PLAN ADMINISTRATORS AND THEIR AFFILIATES, *et al.*,<br><br>Defendants. | Civil Action No. 24-00898 (GC) (RLS)<br><br>OPINION |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon the Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6) filed by Defendant Benefit Plan Administrators, Inc.[1] (ECF No. 6.) Plaintiff opposed, and Defendant replied. (ECF Nos. 8 & 9.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion is **GRANTED**.

**I.  BACKGROUND**

This is one of more than forty cases that Plaintiff Abira Medical Laboratories, LLC, has filed in the United States District Court for the District of New Jersey or had removed here from

---

[1]  Defendant asserts that it was incorrectly identified in Plaintiff's Complaint as "BPA Bestlife Benefit Plan Administrators." (ECF No. 6-3 at 5.) Plaintiff does not contest this assertion, nor does it affect the Court's analysis.

the Superior Court of New Jersey since June 2023. *See Abira Med. Lab'ys, LLC v. Avera Health Plans*, Civ. No. 23-03465, 2024 WL 2721390, at *1 (D.N.J. May 28, 2024).

Plaintiff "is a domestic limited liability company organized under the laws of the State of New Jersey." (ECF No. 1-1 ¶ 6.) Defendant has its principal place of business in Roanoke, Virginia and is alleged to provide "health insurance services throughout New Jersey." (*Id.* ¶ 7.) Plaintiff alleges that it provided "laboratory services" to the "subscribers/members" of Defendant's health insurance services. (*Id.* ¶¶ 7, 13.) Defendant, however, "regularly refused to pay and/or underpaid claims . . . submitted by [Plaintiff] or simply failed to respond in any way to numerous claims submitted by [Plaintiff]" for services it allegedly rendered to Defendant's subscribers/members. The amount due for these services is alleged to total $145,940.00.[2] (*Id.* ¶ 42.) Plaintiff accuses Defendant of "offer[ing] spurious explanations—obviously created from whole cloth" to justify its failure to pay Plaintiff for services that it rendered to Defendant's members, including "lack of adequate claim information," "untimely filing of claims," "lack of coverage," and "failure to meet conditions of coverage." (*Id.* ¶¶ 2-4.) Plaintiff does not identify the individual insureds/claimants in this case, the type of health insurance plans under which the insureds/claimants were covered, or any specific provisions in any plan that entitles the insureds/claimants to benefits from Defendant.

Plaintiff asserts four causes of action against Defendant, other unidentified "affiliates," and unnamed companies and persons: Count One for breach of contract; Count Two for breach of the implied covenant of good faith and fair dealing; Count Three for fraudulent misrepresentation, negligent misrepresentation, and equitable and promissory estoppel; and Count Four for violations of the New Jersey Consumer Fraud Act (NJCFA), N.J. Stat. Ann. § 56:8-2, under which Plaintiff

---

[2]   The Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332.

seeks treble damages for a total "in excess of $437,820." (*Id.* ¶¶ 19-42.)

This case was removed to this Court from the Superior Court of New Jersey, Mercer County, Law Division, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1.) On March 21, 2024, Defendant moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 6.) Plaintiff opposed on April 22, and Defendant replied on April 29. (ECF Nos. 8 & 9.)

## II.     LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

## III.    DISCUSSION

### A.  COUNTS ONE AND TWO—BREACH OF CONTRACT & BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Defendant argues that Plaintiff does not allege the identities or "the number of persons . . . to whom it provided services," the "policy provision or other standards or protocols that were purportedly violated," nor that "any of the members or subscribers in the health care plans administered by [Defendant] executed any assignments of benefits, giving Plaintiff the ability to collect insurance benefits payable to the members and/or subscribers." (ECF No. 6-3 at 7.[3])

Plaintiff responds that it has alleged that it is an "authorized representative" of the unidentified insureds, citing Employee Retirement Income Security Act of 1974 (ERISA) regulation 29 C.F.R. § 2560.503-1(b)(4); and that Defendant "failed to pay for the laboratory services rendered in breach of Defendant's agreement with the claimants (now represented by [Plaintiff])." (ECF No. 8 at 16.) Plaintiff also argues that because Plaintiff "alleged that Defendants paid for some of the services rendered . . . thereby confirming the existence of an agreement between the parties via its course of conduct," Plaintiff has sufficiently pled a claim for breach of contract. (*Id.* at 16-17.)

The Court disagrees. First, nowhere in the Complaint does Plaintiff allege that it is an "authorized representative" of the currently unidentified insureds under ERISA regulation 29 C.F.R. § 2560.503-1(b)(4). In fact, the Complaint does not plead that the plans at issue are ERISA plans to which the regulation would be applicable. Further, courts have held that the regulation "is limited to internal appeals," not civil actions for benefits. *Prestige Inst. for Plastic Surgery, P.C. o/b/o S.A. v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 20-3733, 2021 WL

---

[3]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

4

4206323, at *3 (D.N.J. Sept. 16, 2021); *Cooperman v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 19-19225, 2020 WL 5422801, at *3 (D.N.J. Sept. 10, 2020) ("This Court has repeatedly held that this regulation applies only to internal claims and appeals, not to federal lawsuits brought after the plan member exhausts those appeals.").[4] And even if the regulation enabled Plaintiff to sue on behalf of insureds for benefits, Plaintiff would still be required to "identif[y] a particular [plan] provision . . . which . . . entitles [it] to benefits," which Plaintiff has not done. *BrainBuilders, LLC v. Aetna Life Ins. Co.*, Civ. No. 17-03626, 2024 WL 358152, at *7 (D.N.J. Jan. 31, 2024) (collecting cases).

Nor has Plaintiff alleged enough facts to sustain a breach of contract claim. It is not enough for Plaintiff to generally allege that Defendant breached a contract by failing to pay for services pursuant to some currently unidentified agreement with some currently unidentified claimants. Under New Jersey law, to state a breach of contract claim, Plaintiff cannot rely solely on an alleged "general obligation" without tying it to a specific contractual provision. *Perry v. Nat'l Credit Union Admin.*, Civ. No. 21-1305, 2021 WL 5412592, at *2 (3d Cir. Nov. 19, 2021). A plaintiff must state facts that allow for the plausible inference that a contract exists and that provisions in that contract were violated. *See Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must . . . specifically identify portions of the contract that were allegedly breached." (quoting *Faistl v. Energy Plus Holdings, LLC*, Civ. No. 12-2879, 2012 WL 3835815, at *7 (D.N.J. Sept. 4, 2012))); *Etrailer Corp. v. Unbeatablesale.com, Inc.*, Civ.

---

[4] This view is shared by courts outside this District. *See, e.g.*, *OSF Healthcare Sys. v. SEIU Healthcare IL Pers. Assistants Health Plan*, 671 F. Supp. 3d 888, 891-92 (N.D. Ill. 2023) ("[I]n the regulations governing ERISA, 29 C.F.R. § 2560.503-1(b)(4) expressly allows authorized representatives like OSF to file *internal* claims and appeals but, importantly, does not confer standing to authorized representatives to pursue civil actions against a plan."); *Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield*, Civ. No. 19-9761, 2021 WL 665045, at *7 (S.D.N.Y. Feb. 19, 2021) ("[A] medical provider's status as an Authorized Representative does not . . . independently provide a cause of action pursuant to ERISA.").

No. 21-10172, 2024 WL 1016200, at *4 (D.N.J. Mar. 8, 2024) ("[A] complaint's reference to an agreement and allegation of its breach is insufficient to survive dismissal because those claims are 'legal conclusion[s]' properly disregarded on a Rule 12(b)(6) motion." (citation omitted)); *Riachi v. Prometheus Grp.*, Civ. No. 16-2749, 2016 WL 6246766, at *3 (D.N.J. Oct. 25, 2016) ("Although the Complaint does reference an 'Agreement' between the parties . . . , it does *not* provide any specific details as to when the parties entered a contract, what the terms of the contract were, or how Defendants' actions might have violated those terms. . . . Without more, Plaintiff's Complaint has not plausibly stated a claim for breach of contract.").

Plaintiff argues that "courts in this district permit contract claims to survive a motion to dismiss" where "the long-standing course of dealing between the parties . . . confirms the presence of an agreement." (ECF No. 8 at 16-17 (citing *Gotham City Orthopedics, LLC v. United Healthcare Ins. Co.*, Civ. No 21-11313, 2022 WL 111061, at *5 (D.N.J. Jan. 12, 2022)).[5]) But the Complaint does not allege that Defendant paid for any services. Instead, the Complaint makes a threadbare allegation that the parties had a "course of dealing" without any plausible facts supporting this allegation. (*See* ECF No. 1-1 ¶ 27.) The Complaint lacks any factual allegations demonstrating that the parties made an agreement or that their course of conduct confirms the presence of an agreement. Plaintiff's generalized allegations do not create a plausible basis for the Court to presume that the parties' "course of dealing" satisfies the elements for a contract-based claim. *See, e.g.*, *Ctr. for Special Procs. v. Connecticut Gen. Life Ins. Co.*, Civ. No. 09-6566, 2010 WL 5068164, at *6 (D.N.J. Dec. 6, 2010) (dismissing contract claims where the plaintiff alleged that the defendant paid "for services [the plaintiff] provided to various patients who were . . .

---

[5] Plaintiff also cites *James v. Zurich-American Ins. Co. of Illinois*, 230 F.3d 250, 255-56 (3d Cir. 2000). But in *James*, the parties' course of dealings was relevant to the interpretation of a contract's provision—not the existence of a contract. *Id.*

insureds or plan members," finding that the allegation did not "allow the Court . . . to discern the alleged terms of [the defendants'] 'promise and/or contract to pay'"); *see also Premier Orthopaedic Assocs. of S. NJ, LLC v. Anthem Blue Cross Blue Shield*, 675 F. Supp. 3d 487, 494 (D.N.J. 2023) ("The Complaint lacks factual allegations showing the parties made an agreement containing 'certain terms,' and so, Premier has failed to state a breach of contract claim." (citation omitted)). Therefore, Plaintiff's breach-of-contract claim in Count One is dismissed without prejudice.

Because the Court finds that Plaintiff has not adequately pleaded the existence of a contract or its breach, the claim for breach of the implied covenant of good faith and fair dealing is not plausibly stated. *See, e.g.*, *Hall v. Revolt Media & TV, LLC*, Civ. No. 17-2217, 2018 WL 3201795, at *3 (D.N.J. June 29, 2018) ("Where a plaintiff fails to adequately allege the existence of a contract, plaintiff cannot allege that defendant breached the covenant of good faith and fair dealing."); *Wade v. Kessler Inst.*, 798 A.2d 1251, 1262 (N.J. 2002) ("To the extent plaintiff contends that a breach of the implied covenant may arise absent an express or implied contract, that contention finds no support in our case law."). The claim for breach of the implied covenant of good faith and fair dealing also appears to be duplicative of the breach-of-contract claim and subject to dismissal on that basis. *See McMillian v. GEICO Indem. Co.*, Civ. No. 23-01671, 2023 WL 7039535, at *6 (D.N.J. Oct. 26, 2023).

Accordingly, Counts One and Two are dismissed without prejudice.

### B. COUNT THREE—FRAUDULENT MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, PROMISSORY ESTOPPEL, AND EQUITABLE ESTOPPEL

Count Three brings claims for "Fraudulent and Negligent Misrepresentation" and "Equitable and Promissory Estoppel" all premised on the same allegations: that Plaintiff relied on "the course of conduct between Defendant[] and Plaintiff," and also "relied upon Defendant['s]

7

misrepresentations" which induced Plaintiff to believe "that it would be compensated by Defendant[] when it performed" its laboratory services for Defendant's members/subscribers. (ECF No. 1-1 ¶¶ 24-34.)

These allegations, however, are insufficient to plausibly state each of these claims.[6] Plaintiff has not identified any claimant/insured, any plan or type of plan under which they were insured, or the specific provision of any plan that would entitle a claimant/insured to be covered for the costs of Plaintiff's services. Nor has Plaintiff pled any sufficient factual matter allowing this Court to find that there was ever a misrepresentation or a clear and definite promise on which it was reasonable for Plaintiff to rely. *See, e.g.*, *MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 360 (D.N.J. 2021) (dismissing fraudulent misrepresentation, negligent misrepresentation, promissory estoppel, and equitable estoppel claim where the pleading did not go "beyond generalities" and did not identify "a speaker or specific communication"); *Premier Orthopaedic Assocs. of S. NJ, LLC v. Aetna, Inc.*, Civ. No. 20-11641, 2021 WL 2651253, at *4 (D.N.J. June 28, 2021) ("These vague allegations as to which services Aetna agreed to cover, and how much Aetna agreed to pay Plaintiff for these services, do not provide sufficient facts to support the plausibility of Plaintiff's breach of contract, promissory estoppel, and accounts stated claims. Each of these claims requires Plaintiff to show the specific terms Aetna agreed to (for breach of contract) or the precise promise Aetna made (for promissory estoppel and accounts stated)."); *Bergen Beverage Distributors LLC v. E. Distributors I, Inc.*, Civ. No. 17-04735, 2017 WL 5714702, at *3 (D.N.J. Nov. 28, 2017) (dismissing negligent misrepresentation claim where the plaintiffs did "not indicate who actually made the statements to whom or when they were made, nor do they indicate how

---

[6] There also seems to be a question "as to whether New Jersey courts recognize a claim of equitable estoppel as an independent cause of action." *D'Urso v. BAMCO, Inc.*, Civ. No. 22-03723, 2023 WL 5623945, at *10 (D.N.J. Aug. 31, 2023) (collecting cases). The Court addresses Plaintiff's claims without resolving this conflict—if one exists at all.

many hours were promised and how many were actually worked"); *Capers v. FedEx Ground*, Civ. No. 02-5352, 2012 WL 2050247, at *2 (D.N.J. June 6, 2012) (dismissing promissory estoppel claim where the allegations were "little more than a recitation of the elements" and the pleading did "not allege any specific facts supporting the claim").

Accordingly, Count Three is dismissed without prejudice.

### C.  COUNT FOUR—NJCFA

Plaintiff's last claim is for violations of the NJCFA.  To assert a claim under the NJCFA, a plaintiff must allege three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss.  *Kaplan v. Gen. Elec. Co.*, Civ. No. 22-05296, 2023 WL 4288157, at *7 (D.N.J. June 30, 2023) (citing *Int'l Union of Operating Engineers Loc. No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007)).  To satisfy the first prong, Plaintiff must demonstrate that Defendant engaged in an "unlawful practice," which is defined in the NJCFA to include "any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate."  N.J. Stat. Ann. § 56:8-2.  Moreover, claims under the NJCFA "are required to meet the particularity requirement of Fed. R. Civ. P. 9(b), which requires more than the *Twombly-Iqbal* standard; including notice of the precise misconduct with which [defendant is] charged."  *Coda v. Constellation Energy Power Choice*, LLC, 409 F. Supp. 3d 296, 301 (D.N.J. 2019) (internal citations and quotations omitted).  The complaint must "allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Id.* (citation omitted).

Here, Plaintiff does not plead its claim under the NJCFA with sufficient particularity to

survive Defendant's Motion to Dismiss. Plaintiff alleges only that "Defendant[] knew [it] could not or would not pay Plaintiff the contractual, customary, and reasonable charges for" Plaintiff's laboratory services, thereby securing Plaintiff's services through "misrepresentation . . . constituting an unconscionable business practice." (ECF No. 1-1 ¶ 40.) Plaintiff does not allege what specific representations Defendant made, who made them and to whom, and when they were made. Because Plaintiff's allegations amount to no more than a formulaic recitation of the elements, Plaintiff's NJCFA claim is deficient under Rule 9(b). *See, e.g.*, *Latraverse v. Kia Motors of America, Inc.*, Civ. No. 10-6113, 2011 WL 3273150, at *5 (D.N.J. Jul. 27, 2011) (dismissing a claim for a violation of the NJCFA under Rule 9(b) for failing to "identify with particularity" the alleged false statements or their speaker, noting that "Rule 9(b) requires that, at a minimum, Plaintiff identify the speaker"); *Crozier v. Johnson & Johnson Consumer Cos.*, 901 F. Supp. 2d 494, 506 (D.N.J. 2012) (dismissing NJCFA claim for lack of particularized allegations).[7]

For these reasons, Count Four is dismissed without prejudice.

### D. ERISA STANDING AND PREEMPTION

Defendant makes several other arguments in its Motion that the Court does not reach. For instance, Defendant argues that Plaintiff does not have standing to assert a claim under ERISA and

---

[7] It is also questionable whether the NJCFA would apply to the denial of benefits allegedly due under an insurance policy. "[L]ower New Jersey courts have previously held that an individual denial of insurance benefits is not subject to the [NJCFA]." *Breitman v. Nat'l Surety Corp.*, Civ. No. 14-7843, 2015 WL 5723141, at *6 n.8 (D.N.J. Sept. 29, 2015) (collecting cases). But since the United States Court of Appeals for the Third Circuit in *Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254, 266 (3d Cir. 2007) held that the NJCFA applied to allegations of a scheme to deny insureds their rightful benefits, "at least some courts in this district have permitted insurance payment claims based on the [NJCFA]." *Breitman*, 2015 WL 5723141, at *6 n.8 (citing *Bannon v. Allstate Ins. Co.*, Civ. No. 14-1229, 2015 WL 778828, at *5 (D.N.J. Feb. 24, 2015)). The Court need not resolve this issue on the current Motion to Dismiss because even if Plaintiff could premise its NJCFA claim on an alleged scheme to deny insurance benefits, it has failed to plead with the requisite particularity under Rule 9(b).

that ERISA preempts Plaintiff's common-law claims.[8] (ECF No. 6-3 at 9-15.) But the Complaint makes no reference to ERISA, and Defendant has not provided any documents integral to the Complaint on which the Court may rely to determine that the plans at issue in this matter are in fact governed by ERISA. *See, e.g.*, *Abira Med. Lab'ys, LLC v. Caprock Health Plans*, Civ. No. 23-04252, 2024 WL 4345405, at *3-4 (D.N.J. Sept. 30, 2024) (considering plan documents attached to the defendant's motion to dismiss to determine that the plans were governed by ERISA and that the plaintiff lacked derivative standing to pursue its claims). Here, although the Court need not reach the argument, it agrees that to the extent Plaintiff seeks to plead an assignment of benefits under ERISA, the allegations are insufficient. *See Minisohn Chiropractic & Acupunture Ctr., LLC v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 23-01341, 2023 WL 8253088, at *3 (D.N.J. Nov. 29, 2023) ("[D]istrict courts in the Third Circuit have ruled that a healthcare provider ordinarily must identify a specific patient(s) who has assigned their claim(s) for benefits as well as factual matter that indicates that the provider is proceeding pursuant to an appropriate assignment, such as a copy of the assignment(s) at issue, the relevant language from the assignment(s), or some other evidence of the scope of the assignment(s)." (collecting cases)).

---

[8] Although Defendant styles its Motion to Dismiss under Rule 12(b)(1) as well as 12(b)(6), Defendant's challenge to Plaintiff's derivative standing under ERISA "involves a merits-based determination" that is non-jurisdictional and therefore "properly filed under Rule 12(b)(6)" instead of Rule 12(b)(1). *See N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 n.1 (3d Cir. 2015).

## IV. CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an Amended Complaint within thirty (30) days from the date of this Opinion to the extent it can cure the deficiencies identified herein. An appropriate Order follows.

Dated: October 30, 2024

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**